## Norfolk

ROBERT MARSHALL BLAKE

v.

COMMONWEALTH OF VIRGINIA

No. 1551-91-1

Decided February 16, 1993

COUNSEL

Gregory K. Matthews (Marcus, Santoro & Kozak, on brief), for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Robert Marshall Blake appeals from his conviction for possession of a firearm after having been convicted of a felony. He argues that the evidence—which showed that his companion had actual possession of a firearm during the robbery in which both men took part—was insufficient to support his conviction. For the reasons that follow, we affirm appellant's conviction.

The evidence introduced at trial revealed the following: At about 6:30 p.m. on April 5, 1991, the robbery victim, Thomas Mayo, heard a knock at the door of his residence in Portsmouth. When Mayo opened the door, he saw appellant, who asked if he wanted to buy some jewelry. When Mayo declined, appellant asked if he would "be interested in a gun." At that point, another person appeared and pressed a gun into Mayo's ribs. Appellant grabbed Mayo's elbow and forced him into the house and up the stairs. The man with the gun held Mayo at gunpoint while appellant and another man searched the house. When the gunman became distracted, Mayo tried to escape. During the ensuing struggle to subdue Mayo, the gun discharged. The gunman held the gun in Mayo's face, but appellant said, "Don't kill him yet. Don't kill him now." The men demanded to know where Mayo's money was. After he told them, they took it and left. At no time did Mayo see a gun in appellant's possession.

At trial, after the Commonwealth's case-in-chief, appellant moved to strike based on the insufficiency of the evidence as to possession. The court overruled his motion. Appellant moved to strike again after presenting his own case, but this motion was also overruled. The judge found appellant guilty as charged.

On appeal of the trial court's ruling,

we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a

jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

*Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

■ Even when viewed in the light most favorable to the Commonwealth, the record gives no indication that appellant ever had actual possession of the firearm. The issue is whether constructive possession of a firearm by a convicted felon is sufficient to support a conviction. This issue presents a question of first impression in this jurisdiction. For guidance, we look to principles concerning constructive possession of controlled substances in Virginia and constructive possession of firearms in other jurisdictions.

■ To prove constructive possession of drugs, the Commonwealth must show that the defendant was "aware of both the presence and character of the substance and that it was subject to his dominion and control." *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "[M]ere proximity to a controlled drug is not sufficient to establish dominion and control." *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986). However, possession "need not always be exclusive. The defendant may share it with one or more." *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting *Gillis v. Commonwealth*, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974)).

Applying these principles in *Hamilton v. State*, 346 S.E.2d 881, 883 (Ga. Ct. App. 1986), the Court of Appeals of Georgia found the evidence sufficient to support a conviction for constructive possession of a firearm by a convicted felon. The evidence in that case showed that Hamilton and his co-defendant first accosted the victim, a pedestrian, from their car. The co-defendant pointed a gun at the victim and ordered him to empty his pockets. The two men left the scene after taking $37 from the victim, but were apprehended an hour later. In the defendants' vehicle, the police found the gun that the co-defendant had used to commit the robbery. At trial, the state presented evidence to show that Hamilton had previously been convicted of aggravated assault. The court denied Hamilton's motion for a directed verdict of acquittal on the firearms possession charge, and the jury subsequently returned a guilty verdict. The Georgia Court of Appeals concluded as follows:

[The jury] did accept the theory of constructive possession in order to convict [Hamilton] of the charge of possession of a firearm by a convicted felon. Inasmuch as there was evidence that appellant's co-defendant possessed a gun in furtherance of their joint resolve to commit an armed robbery, denial of a directed verdict of acquittal was in order.

*Id.* at 883.

We reach the same conclusion here. The evidence shows that appellant's co-defendant possessed and used the gun in furtherance of their joint resolve to commit robbery. When appellant asked the victim if he would like to buy a gun, his co-defendant immediately responded by sticking a gun in the victim's ribs, as if on cue from appellant. Later during the course of the robbery, the gunman obeyed appellant's command not to shoot the victim. These facts support the trial court's conclusion that appellant exercised the dominion and control necessary to show constructive possession. Based on the above, we conclude that the trial court's judgment was not plainly wrong or without evidence to support it.

For the aforementioned reasons, we affirm the judgment of the trial court.

*Affirmed.*

Bray, J., and Willis, J., concurred.