COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis, and Bray


SEAN S. YOUNG, s/k/a
 SEAN STERLING YOUNG
                                    MEMORANDUM OPINION* BY
v.          Record No. 0562-95-3    JUDGE RICHARD S. BRAY
                                       MARCH 5, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                    David V. Williams, Judge

            (Robert A. Williams; Williams, Luck &
            Williams, on brief), for appellant.

            (James S. Gilmore, III, Attorney General;
            Margaret Ann B. Walker, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     Sean Sterling Young (defendant) was convicted in a bench

trial for possessing a firearm after having been convicted of a

felony in violation of Code § 18.2-308.2(A).  On appeal,

defendant challenges the sufficiency of the evidence to support

the conviction.  We affirm the judgment of the trial court.

     The parties are fully conversant with the record in this

case, and we recite only those facts necessary to a disposition

of this appeal.

     Under familiar principles of appellate review, the evidence

is viewed in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358

--------
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. Id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

As Chad Hall entered a convenience store on the evening of December 28, 1993, he observed defendant in the driver's seat of a Toyota automobile parked "over to the side near the pay phone."[1] When Hall exited the store and proceeded toward his vehicle, defendant inquired, "what [he] was tripping on," the two exchanged "angry words," and defendant asked Hall to "follow him up the road." Defendant was accompanied by three passengers, two women seated in the rear and a man in the front.

Hall, anticipating a "fist fight," followed the vehicle operated by defendant to a nearby parking lot, stopped, and exited his car. The Toyota also stopped and, as Hall approached the car, the window on the "driver's side" "rolled down," and "bullets" began to "fly out of it." Hall quickly "retreated . . . to [his] car[,] . . . grabbed [his] gun and shot back." The Toyota, still operated by defendant, then quickly left the

---

[1]The evidence does not disclose that defendant was the owner of the vehicle.

area.

Kerri Bradley was the female passenger seated immediately behind defendant in the Toyota and had seen a gun "under [defendant's] seat, in front of [her]," while at the store. Gerald Norman, the male front seat passenger, had then instructed Bradley to "be careful and to push it back under the seat." Later, en route to the parking lot, Norman "reached back to get [the gun]," and "just held it." Once at the lot, defendant directed both women in the rear seat "to duck" and, thirty seconds to a minute thereafter, Bradley heard gunshots which "sounded like they were coming from the car that [she] was in." Bradley "glanced up," saw a "gun sticking out of the driver's side window" and "ducked back down." She was unable to identify the person holding the gun, but testified that "it looked like" defendant.

Code § 18.2-308.2(A) provides that "[i]t shall be unlawful for . . . any person who has been convicted of a felony[2] . . . to knowingly and intentionally possess . . . any firearm." Either actual or constructive possession constitutes a violation of the statue. Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993). In assessing the sufficiency of evidence to establish constructive possession of a firearm, we are guided by those principles which govern such possession of controlled substances. Id. at 708, 427 S.E.2d at 220.

---

[2]Defendant's prior felony conviction was undisputed.

> "'To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."'" "While proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs."

Pemberton v. Commonwealth, 17 Va. App. 651, 654, 440 S.E.2d 420, 422 (1994) (citations omitted).  It is not necessary that possession "'always be exclusive.  The defendant may share it with one or more.'"  Blake, 15 Va. App. at 708, 427 S.E.2d at 220-21 (citation omitted).

Here, defendant was the operator of the vehicle, and the gun was initially hidden beneath his seat.  After exchanging "angry words" with Hall, defendant asked Hall to "follow him up the road" and proceeded to the parking area where both vehicles stopped.  Meanwhile, Norman had taken actual possession of the firearm.  Immediately prior to the gunfire, defendant directed the women in the rear seat "to duck."  The driver's window was lowered, and "bullets fl[ew] out."  The weapon was observed "sticking out of the driver's side window," while Norman remained in the passenger seat.  Assuming, without deciding, that such evidence failed to sufficiently prove defendant's actual possession of the firearm, the record clearly established that he was aware of its presence and character, sharing its dominion and

- 4 -

control with Norman while the weapon was employed incidental to a confrontation initiated and pursued by defendant.  Defendant, therefore, constructively possessed the firearm.  <u>See</u> <u>id.</u> at 709, 427 S.E.2d at 221.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

BENTON, J., dissenting.

"[W]here . . . a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "Suspicion, however, no matter how strong, is insufficient to sustain a criminal conviction." Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).

The evidence proved that the accused was driving an automobile with three passengers. No evidence proved that the automobile belonged to the accused or that the accused knew of the gun's presence on the floor. The evidence failed to prove that the accused ever touched the gun.

The evidence proved that the passengers sitting on the rear seat behind the driver saw a gun on the floor board. The gun apparently was located near the rear of the driver's seat. When the passenger mentioned the presence of the gun, Gerald Norman, who was sitting on the front seat told the passenger to "stick it up under the seat."

The evidence proved only that Norman had prior knowledge that the gun was in the automobile. The evidence also proved that Norman reached under the seat to retrieve the gun and was the only person in the car that handled the gun. Norman was

- 6 -

holding the gun when several men approached the automobile and the accused said "duck."  No evidence proved that Norman was not the person who fired the gun.

Ruling that the evidence in Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), was insufficient to prove constructive possession, we said:

> No evidence established that [the accused] ever held the firearm, saw it [before it was discharged], knew it was present, or exercised any dominion and control over it. The facts established no more than a mere suspicion . . . that he knew the firearm was under the driver's seat.  The evidence must rise beyond "the realm of probability and supposition."  "'Circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a [guilty] verdict . . . beyond a reasonable doubt.'" Proof that the firearm was located close to [the accused] was not sufficient to prove the elements of the offense beyond a reasonable doubt.

Id. at 472, 465 S.E.2d at 141-42 (citations omitted).  As in Hancock, this evidence in this case failed to prove that the accused had prior knowledge of the presence of the gun in the car and failed to prove that the gun was "subject to his dominion and control."  Garland, 225 Va. at 184, 300 S.E.2d 784.  Thus, I would hold that the evidence failed to prove beyond a reasonable doubt that the accused constructively possessed the gun.