COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


ROBERT LEE BOLEY
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1943-95-1         JUDGE RICHARD S. BRAY
                                            JULY 23, 1996
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      William F. Rutherford, Judge

          Michael D. Eberhardt for appellant.

          John K. Byrum, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Robert Lee Boley (defendant) was convicted in a bench trial

for possessing (1) cocaine with intent to distribute, (2)

marijuana with intent to distribute, (3) a firearm, and (4) a

firearm by a convicted felon.  On appeal, defendant contends that

the evidence was insufficient to support the convictions.  We

agree and reverse each.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

     In accordance with well established principles, we assess

the sufficiency of the evidence viewing the record in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  <u>Martin v. Commonwealth</u>, 4

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. Id.

The record discloses that on November 18, 1994, Norfolk police found defendant, undressed and showering, in the hall bathroom of an apartment being searched pursuant to a warrant.[1] Three additional persons, including defendant's brother, were in various rooms of the apartment. The search revealed two revolvers, a semiautomatic pistol, a plastic bag containing marijuana, several boxes of ammunition, approximately $760 in cash, and a plastic bag containing 73 empty plastic bags located in bedrooms and closets. Additionally, on or near a "speaker" resting on the living room floor, police found cocaine, a digital pager, and approximately 140 "color-coded" plastic bags. On the floor beside the speaker, police discovered a "vinyl case" for electronic scales, $90 in cash, two cellular telephones and batteries, a key ring with several keys (one of which unlocked the apartment door), and a shoe containing thirteen individual plastic bags of marijuana. A pager and "some jewelry" were also found "on a box in the hallway."

Defendant was advised of his Miranda rights, and admitted ownership of a "cellular phone, money, keys, and some jewelry . . . laying on the floor next to the speaker in the

_____
[1]The validity of this search warrant is not at issue.

front room." These articles had been found to the "left of the speaker," a "foot or less" from the cocaine and "six or seven feet" from the closeted guns.

Tameka Ellis, the lessee of the apartment, was not present during the search. Various papers, including identification documents, and personal belongings located in a bedroom, suggested that defendant's brother resided in the apartment. A Commonwealth witness had observed defendant in the apartment on two separate occasions over a period of six months.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). However, while "mere proximity to the drugs is insufficient to establish possession, and occupancy of the [premises] does not give rise to a presumption of possession, Code § 18.2-250, both are factors which may be considered in determining whether a defendant possessed drugs." Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (en banc). These principles of constructive possession are also

applicable in prosecutions for offenses related to firearm possession. <u>Blake v. Commonwealth</u>, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 221 (1993).

When the Commonwealth relies wholly on circumstantial evidence to prove constructive possession, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted).

Here, defendant was found showering in a bath accessed by a hallway in the apartment, and the evidence established only that he entered the living room and bathroom. No drugs or firearms were found on or near his person, and he engaged in no conduct suggestive of an awareness that contraband was present on the premises. No evidence proved that he had an ownership or possessory interest in the apartment. Thus, save defendant's presence, the proximity of his property to contraband, and a key to the apartment on his key ring, nothing in the record related him to the offenses. While highly suspicious, these circumstances are insufficient to prove, to the exclusion of every reasonable hypothesis of innocence, that the drugs and weapons were subject to defendant's dominion and control.

Accordingly, we reverse the convictions.

<u>Reversed and dismissed.</u>