COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


KIRK LEE LONEY

MEMORANDUM OPINION[*] BY
v.     Record No. 1147-98-2              JUDGE LARRY G. ELDER
                                        MARCH 2, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
James E. Kulp, Judge

Craig S. Cooley for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Kirk Lee Loney (appellant) appeals from his bench trial
conviction pursuant to Code § 18.2-308.2 for possessing a firearm
after having been convicted of a felony.  On appeal, he contends
the evidence was insufficient to prove he constructively
possessed the weapon.  We disagree and affirm the conviction.

When considering the sufficiency of the evidence on appeal
in a criminal case, this Court views the evidence in the light
most favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom.  See Higginbotham v.
Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The
credibility of a witness, the weight accorded the testimony, and
the inferences to be drawn from proved facts are matters to be
determined by the fact finder.  See Long v. Commonwealth, 8 Va.

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment will not be set aside unless it is plainly wrong or without supporting evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Proof that appellant constructively possessed the gun found behind the brake pedal was sufficient to support his conviction for possession of a firearm by a convicted felon.  See Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993) (holding that principles applicable to constructive possession of drugs also apply to constructive possession of firearm).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  Possession "need not always be exclusive.  The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).  Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband.  See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).  Ownership or occupancy of the

premises on which the contraband was found is likewise a circumstance probative of possession.  See Drew, 230 Va. at 473, 338 S.E.2d at 845 (citing Code § 18.2-250).  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Circumstantial evidence of such possession is sufficient to support a conviction, provided it excludes every reasonable hypothesis of innocence.  See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether an alternative hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and, therefore, is binding on appeal unless plainly wrong.  See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

The only reasonable hypothesis flowing from the evidence in this case is that appellant constructively possessed the firearm hidden behind the brake pedal.  Appellant had in his actual possession six rounds of .22 caliber ammunition which fit the empty six chambers of the .22 caliber handgun.  Although appellant gave innocent explanations for his possession of the ammunition, those explanations were conflicting, and the trial court was entitled to conclude that both explanations were lies

calculated to conceal appellant's guilt.  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).  Most importantly, however, appellant does not dispute that he told Officer Warren, "There is no gun in the car."  Under the totality of the circumstances, the only reasonable response for an innocent person in appellant's position would have been to tell the officer he did not know whether a gun was in the car.  The undisputed evidence was that appellant did not own the car, and appellant contended that he had been in the car only a short time in order to drive people home after a party.  Appellant's testimony that he found the ammunition in the driver's seat when he entered the car further supports the theory that the only reasonable response to Officer Warren's question about the gun was that appellant did not know whether a weapon was in the car.  Although appellant testified that he had forgotten finding the ammunition, the trial court, as the finder of fact, was entitled to reject this testimony and to conclude that the only reasonable hypothesis flowing from the remaining evidence in the record was that appellant constructively possessed the firearm.

For these reasons, we affirm appellant's conviction.

Affirmed.