COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


REGINALD DAVID VEST

MEMORANDUM OPINION[*] BY
v.     Record No. 0803-99-3        JUDGE LARRY G. ELDER
FEBRUARY 15, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Joseph A. Sanzone (Sanzone & Baker, P.C., on
brief), for appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Reginald David Vest (appellant) appeals from his bench trial

convictions for possession of a firearm while in possession of a

controlled substance and possession of a firearm while possessing,

with intent to distribute, more than one pound of marijuana

pursuant to Code § 18.2-308.4, subsections (A) and (B),

respectively.[1] On appeal, he contends the evidence was

insufficient to prove he constructively possessed the firearm he

told officers was in his bedroom dresser drawer. We hold that the

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] Appellant also was convicted for possession of marijuana
with intent to distribute and possession of cocaine. He does
not challenge those convictions on appeal.

only reasonable hypothesis flowing from the evidence--including the location of the weapon and appellant's statement to officers regarding its location--is that appellant constructively possessed the weapon.  Therefore, we affirm his convictions.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

The possession necessary to support a conviction for the simultaneous possession of marijuana and a firearm pursuant to Code § 18.2-308.4 may be actual or constructive.  See, e.g., Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368 (1994) (en banc).  The principles applicable to determining whether a defendant constructively possessed drugs are equally applicable to determining whether he constructively possessed a firearm.  See Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993).  Those principles require proof "that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and

-

control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence flowing from the evidence.  See Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession.  See Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 831-32 (1997).  Possession "need not always be exclusive.  The defendant may share it with one or more."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

The only reasonable hypothesis flowing from the evidence in this case is that appellant was aware of the presence of the .25 caliber semiautomatic pistol located in the dresser drawer in the bedroom he shared with his girlfriend and that it was subject to his dominion and control.  When questioned by police regarding whether any weapons were in the house, appellant directed them to the pistol in the dresser and accurately reported that the pistol was loaded.  Although appellant said the pistol belonged to his girlfriend, the trial court was

-

entitled to reject the statement of appellant, who led police to a small amount of marijuana in his living room but originally lied about the presence of an additional two pounds of marijuana in his home.  See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  It also was entitled to reject the testimony of appellant's girlfriend that "he never messed with the gun," which it did expressly in finding that her testimony was not credible.  See id.  The remaining evidence, including the presence of the firearm "in [appellant's] house," coupled with his statement to "the police [that] they could find it in the [dresser drawer], . . . was sufficient . . . to establish that [appellant] had knowledge of the presence of the [firearm], and that [it] was subject to his dominion and control."  Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 924-25 (1991) (upholding conviction for possession of marijuana where accused told police they would find it in his basement, despite presence in house of accused's wife and a friend who claimed at trial that the marijuana belonged to him rather than the accused) (emphasis added).  The only reasonable hypothesis flowing from the evidence is that appellant exercised at least joint possession of the weapon.

-

We hold the evidence was sufficient to prove appellant constructively possessed the pistol, and we affirm the challenged convictions.

<u>Affirmed</u>.