COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


VICTOR CARTER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0378-99-1          JUDGE WILLIAM H. HODGES
                                         MAY 2, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  William C. Andrews, III, Judge

         Stephen K. Smith for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Mark L. Earley, Attorney General; Donald E.
         Jeffrey, III, Assistant Attorney General, on
         brief), for appellee.


     Appellant was convicted of possession of cocaine, possession

of a firearm while in possession of cocaine, and possession of a

concealed weapon.  On appeal, he argues that the evidence was

insufficient to support the convictions because the Commonwealth

failed to prove that he possessed the cocaine or the firearm.  We

disagree and affirm.

     When the sufficiency of evidence is challenged on appeal,

"'we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

The evidence showed that Officer Dudley responded to a report of a carjacking within one minute of receiving the dispatch. The victim informed the officer that a firearm was used in consummation of the theft. Ten seconds into his conversation with the police officer, the victim identified the vehicle involved exiting a nearby apartment complex. Dudley pursued and stopped the automobile in which the appellant was a passenger. Dudley handcuffed the driver of the vehicle and then handcuffed appellant. Dudley searched the vehicle and seized a firearm that was between the front passenger seat and door, and a bag of crack cocaine that was on the floorboard on the passenger side. Dudley testified that the firearm was "on its edge" and almost fell out of the vehicle when he opened the door. Dudley also testified that the cocaine would have been by appellant's right foot. Appellant testified that he was intoxicated and asleep while in the vehicle and never saw the cocaine and the firearm.

Possession of the illegal drugs may be actual or constructive. See Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368 (1994) (en banc).

> Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and

-

the character of the substance and that it was subject to his dominion and control."

Id. at 444, 452 S.E.2d at 368-69 (citation omitted). Possession need not be exclusive, but may be shared. See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Occupancy of a vehicle where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the occupant exercised dominion and control over the drugs in the vehicle. See Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citation omitted). The principles applicable to constructive possession of illegal drugs also apply to constructive possession of a firearm. See Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993).

When Dudley stopped the vehicle, appellant was seated in the front passenger seat and did not show signs of intoxication. The bag of cocaine was located on the floorboard of the front passenger seat in plain view in the area where appellant's right foot would have been. The trial judge was entitled to reject the testimony of appellant, a convicted felon, as incredible, and to conclude that he was lying to conceal his guilt. The trial judge's factual finding that the evidence showed that appellant exercised dominion and control over the cocaine was

-

not plainly wrong or without evidence to support it.  See Brown
v. Commonwealth, 5 Va. App. 489, 491-93, 364 S.E.2d 773, 774
(1988) (finding evidence sufficient to support conviction for
possession of cocaine that was located in plain view within
arm's reach of the accused, even though others were present).

Appellant was the last person removed from the vehicle and
after he was removed, the firearm was found between the seat and
the passenger door in an upright position.  The firearm almost
fell out of the vehicle when Dudley opened the door.  The victim
stated that a gun was used in the carjacking, and only one
firearm was found in the vehicle.  The evidence supports the
trial judge's finding that appellant placed the firearm between
the passenger seat and the door before appellant left the
vehicle.  Accordingly, we affirm the convictions.

Affirmed.

-