## Richmond

RALPH DURHAM POWERS

V.

COMMONWEALTH OF VIRGINIA

Record No. 830302.

June 15, 1984.

Present: All the Justices.

*James Carney Hawks (Levin, Hawks & Associates*, on brief), for appellant.

*Jacqueline G. Epps, Senior Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Defendant Ralph Durham Powers challenges the sufficiency of the evidence to support the jury's verdict convicting him of possession of LSD with intent to distribute in violation of Code § 18.2-248. Confirming the verdict, the trial court sentenced defendant to a 15-year penitentiary term and a fine of $5,000.

The facts are drawn from the testimony of Detective J. C. Turner, the only witness called by the Commonwealth other than the chemist who analyzed the suspect substance. At 6:25 a.m. on April 15, 1982, Turner executed a warrant to search premises defendant and his wife had rented and occupied for several months as their residence. The Powers had spent the night elsewhere, and from what he found, Turner concluded that they were in the process of moving. Most of their possessions were packed in boxes stacked in the living room. The officers could identify nothing in the home which did not belong to the Powers.

In an unfinished attic, Turner found a small work bench, ceramic supplies, and a few wrenches but no evidence of any work in progress. Near the bench one of the boards placed across the rafters to form a floor was broken. Under this board and four inches of insulation was "one plastic baggy" containing "ten smaller plastic bags". Inside the small bags were tablets which

proved to be 1000 microdots of LSD with a "street value" of $3,000 to $5,000. Shortly after the search was concluded, the officers arrested defendant as he and his wife were returning to the house.

As the Attorney General notes on brief, "[d]efendant's conviction is based upon evidence of his constructive possession of LSD." To support that conviction on appeal, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control. *Susan Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). Proof that the LSD was found in premises or a vehicle owned or occupied by the defendant is insufficient, standing alone, to prove constructive possession. Code § 18.2-250. Such evidence is probative, but it is only "a circumstance which may be considered . . . along with the other evidence". *Gillis v. Commonwealth*, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974).

The "other evidence" upon which the Commonwealth relies is, in fact, an absence of evidence. The Attorney General says that there is "no evidence . . . that anyone else had possessions in the house." This merely tends to reinforce the conclusion that the defendant and his wife were the sole residents of the premises; it does not foreclose the possibility that the LSD was owned and hidden by another. The Attorney General also draws an incriminating inference from the fact that there was no "evidence of disclaimer or surprise when [the defendant] was confronted with the charge." "Such silence, absence of surprise or failure to disclaim guilt," the Attorney General argues, "constitutes conduct that may be considered in determining whether the defendant had knowledge of the presence and character of the drugs". But the record before us reveals no such conduct. Detective Turner never testified that the defendant showed no surprise at the charge or that he failed to disclaim his guilt. Absent such testimony, the defendant had no reason to offer evidence to show that he had proclaimed his innocence when he was arrested.

The only "other evidence" the Attorney General suggests as support for an inference of guilty knowledge is the street value of the LSD. "It is highly unlikely," the Attorney General submits, "that anyone would have left drugs of such value at the house [before the Powers moved in]." We agree it is unlikely that the

lessor, a former tenant, or a visitor left the contraband in the attic *inadvertently*, but it is not unreasonable to infer that it was abandoned *involuntarily* under circumstances which made it impossible or unwise to retrieve it. Moreover, if the defendant, who was in the process of moving out of the house, was the owner of this valuable asset, it seems likely it would have been among the first possessions packed in the boxes found in the living room.

We find no evidence sufficient in law to establish the elements of the offense of which the defendant was convicted, and we will reverse the judgment and enter final judgment dismissing the indictment.

*Reversed and final judgment.*