COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia


RANDALL LEE NORTON

MEMORANDUM OPINION[*] BY
v.          Record No. 1897-95-2     JUDGE JERE M. H. WILLIS, JR.
                                     JUNE 25, 1996
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                     Charles L. McCormick, III, Judge

          Robert H. Morrison (William W. Bennett, Jr. &
          Associates, on brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of possession of cocaine,

Randall Lee Norton contends that the evidence is insufficient to

support his conviction.  We agree and reverse.

     On August 18, 1994, Officer Pulliam of the South Boston

Police Department stopped a car that had come into radar at

thirty-eight miles per hour in a twenty-five mile per hour zone.

 When the vehicle stopped, the driver exited and ran.  The three

people remaining in the vehicle identified Norton as the driver.

 Morgan Brown, a passenger in the front seat and the owner of the

car, told Officer Pulliam that they were headed back to their

hotel room, "Crestview, Room 121."  Brown told Pulliam that he

had given Norton money to pay for the room.  Brown consented to

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

let Officer Pulliam search the room and opened the door with his key. Officer Pulliam found two aluminum beer cans that had been converted into smoking devices, one in a folding bed and the other between the mattress and box springs. The beer cans contained cocaine residue.

The following day, Norton told Officer Pulliam that he had run because he was afraid of getting another DUI charge. He admitted that he had checked into the Crestview and had paid for the room with money from Brown. Officer Pulliam asked Norton whether his fingerprints were on the beer cans. Norton replied, "Possibly, I guess they are." Officer Pulliam asked, "Why are your fingerprints on the cans?" Norton said, "Because I drank the beer." Officer Pulliam then asked, "Is it possible you smoked crack out of those cans? Norton said, "I'm sure it is."

"On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Maynard v. Commonwealth, 11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc). The judgment of a trial court sitting without a jury will not be set aside unless plainly wrong or without evidence to support it. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Plainly, Norton was not found in actual possession of cocaine. He contends that the evidence fails to prove constructive possession. We agree.

To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

The Commonwealth proved only that Norton was registered in the Crestview Motel, that cocaine residue was on two beer cans found in the room registered to him, and that he had smoked cocaine within several days prior to his arrest. "[P]roof that contraband was found in premises . . . occupied by the defendant is insufficient, standing alone, to prove constructive possession." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). There was no evidence that Norton was seen inside the motel room, that his fingerprints were on the beer cans, or that he had smoked cocaine from those beer cans. Thus, the evidence did not prove that Norton had knowledge of the cocaine on the beer cans or that he asserted dominion and control over that cocaine.

The judgment of the trial court is reversed and the indictment is ordered dismissed.

Reversed and dismissed.