COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


WILLIAM V. LOUDERMILK,
 S/K/A WILLIAM VINCENT LOUDERMILK
                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1172-96-3    JUDGE LARRY G. ELDER
                                      APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                George E. Honts, III, Judge


         W. T. Robey, III, for appellant.

         Kimberley A. Whittle, Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     William Vincent Loudermilk (appellant) appeals his
conviction of possession of marijuana in violation of Code
§ 18.2-250.1.  He contends that the evidence was insufficient to
prove that he possessed the marijuana found in his rental car.
For the reasons that follow, we affirm.

     Code § 18.2-250.1 states that "[i]t is unlawful for any
person knowingly or intentionally to possess marijuana . . . ."
 In order to convict a defendant of illegal possession of
marijuana, "the Commonwealth must prove that the defendant was
aware of the presence and character of the drugs and that he
intentionally and consciously possessed them."  Josephs v.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990). "It is not necessary to show actual possession of the [marijuana]. Constructive possession of [marijuana] may be shown by establishing that it was subject to his dominion or control." Id. at 99, 390 S.E.2d at 497-98. However, owning or occupying a vehicle in which marijuana is found does not create a presumption that the owner or occupant knowingly or intentionally possessed the drug, see Code § 18.2-250.1(A), and mere "suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction for possession of a controlled substance." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).

> To support a conviction based on constructive possession, the Commonwealth "must point to evidence of acts, statements, or conduct of the accused, or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

When considering the sufficiency of evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The

trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the Commonwealth relies upon circumstantial evidence to prove the essential elements of a criminal charge, the circumstantial evidence must exclude every reasonable hypothesis of innocence that flows from the evidence. See Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988), cert. denied, 496 U.S. 911, 110 S. Ct. 2600, 110 L.Ed.2d 280 (1990) (citations omitted).

We hold that the evidence was sufficient to prove that appellant had constructive possession of the marijuana found in the rental car. The circumstantial evidence supports the trial court's conclusion that appellant was aware of the presence of marijuana in his car and that it was subject to his dominion and control.

First, the evidence supports the trial court's inference that appellant was aware of the marijuana in the car. Trooper Miller testified that when he stopped appellant for speeding, he observed that appellant was the driver and sole occupant of a rental car that he had leased a "few days" earlier. When the trooper approached the open driver's side window, he detected the odor of "green" marijuana from within appellant's car. After Trooper Miller discovered the marijuana in the center console, appellant admitted that he was a "regular user" of marijuana but

stated that he "didn't know anything" about the marijuana in the console and that it did not belong to him. This evidence supports the reasonable inference that appellant, through his prior use of marijuana, was familiar with the odor of marijuana. In addition, considering Trooper Miller's testimony regarding the existence of a marijuana odor emanating from appellant's car, it is reasonable to infer that appellant was also aware of this smell.

Appellant argues that these circumstances fail to exclude the possibility that he was unaware of the marijuana's <u>actual presence</u> in the rental car. He argues that the evidence supports the hypothesis that a previous lessee of the rental car had left the marijuana in the console and that appellant believed that he smelled only the remnants of the drug from its prior presence in the car. We disagree that this hypothesis flows from the evidence. The record established that appellant had possessed the rental car for a "few days." Considering appellant's familiarity with marijuana, it does not reasonably follow that he would believe that marijuana was not in the car after its odor persisted for more than a day or two.

Finally, the evidence supports the trial court's conclusion that the marijuana was subject to appellant's dominion and control. Trooper Miller's unrebutted testimony was that he found the marijuana located in the console next to appellant's seat, which was within appellant's easy reach.

For the foregoing reasons, we affirm the conviction of possession of marijuana in violation of Code § 18.2-250.1.

<u>Affirmed</u>.