**CIRCUIT COURT OF THE CITY OF NORFOLK**

Commonwealth of Virginia

v.

Larry Donnell Baker, Jr.

July 11, 2003

Case No. (Criminal) CR03001158

BY JUDGE MARC JACOBSON

The Defendant Larry Donnell Baker, Jr., is charged with Possession of Cocaine with Intent to Distribute and with Possession of Marijuana with Intent to Distribute More than ½ Ounce, but Less than Five Pounds. After hearing the evidence and Motion to Strike by counsel for Defendant and argument of counsel for Defendant and the Commonwealth's Attorney, the Court took the findings under advisement.

> To support a conviction based upon constructive possession of drugs, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

*Glasco v. Commonwealth*, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). In reviewing and considering the applicable laws in such cases made and provided, the Courts have held that occupancy or ownership of a vehicle containing narcotics is considered as some evidence of possession. *Glasco*, 26 Va. App. at 774, 497 S.E.2d at 155 (citing *Drew v. Commonwealth*, 230 Va.

471, 473, 338 S.E.2d 844, 845 (1986)). However, in such cases, ownership of a vehicle *plus* some other factor or factors are indicated in order to establish constructive possession of illegal substances by a defendant.

In the instant case, the Commonwealth has shown that Defendant was driving the motor vehicle where the narcotics were found. Defendant had marijuana on his person and more marijuana and cocaine was found in the center console of the vehicle operated by the Defendant. A passenger was in the front seat of the vehicle who could have had equal access to the console. Drugs were found on Defendant, but the packaging was not similar to the drugs in the console; there was no testimony indicating defendant reaching toward the console, and no large amounts of cash, pagers, cell phones, scales, weapons, or other paraphernalia commonly associated with dealers were found in the vehicle or on Defendant's person.

Indeed, the drugs found in the motor vehicle operated by Defendant raise suspicions, but the Commonwealth has failed to prove beyond a reasonable doubt Possession of Cocaine with Intent to Distribute or Possession of Marijuana with Intent to Distribute More than ½ Ounce, but Less than Five Pounds, and, accordingly, Defendant's Motion to Strike is granted as to each of said charges.

There is sufficient evidence to find the Defendant guilty beyond a reasonable doubt of the lesser-included charge of Possession of Marijuana, and the Court does find the Defendant guilty of Possession of Marijuana.