COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


ANTOINE CLAYTON SMITHERS

MEMORANDUM OPINION[*] BY
v.        Record No. 2144-02-2         JUDGE LARRY G. ELDER
OCTOBER 14, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Richard D. Taylor, Jr., Judge

John B. Mann (Levit, Mann, Halligan & Warren, on briefs), for
appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


Antoine Clayton Smithers (appellant) appeals from his jury trial conviction for

possession of a firearm while in possession of cocaine or heroin, in violation of Code

§ 18.2-308.4.[1]  On appeal, he contends the evidence was insufficient to prove he possessed the

firearm found on the roof of the house he shared with his sister and others.  We hold the evidence

was sufficient to support the conviction, and we affirm.

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was convicted in the same proceeding for possessing heroin and possessing
cocaine.  He does not challenge those convictions on appeal.

provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, appellant was convicted for possessing cocaine and heroin that Officer Rhodenizer found on the roof of the house in which appellant resided. Appellant does not contest those convictions on appeal. Thus, we consider only whether the evidence was sufficient to prove he simultaneously possessed the firearm also found on the roof of the house.

The possession necessary to support a conviction for the simultaneous possession of a firearm and cocaine or heroin pursuant to Code § 18.2-308.4 may be actual or constructive. See, e.g., Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368 (1994) (*en banc*). Establishing constructive possession requires proof "that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession. Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 831-32 (1997). Possession "need not always be exclusive. The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*).

Here, Officer Rhodenizer appeared to give conflicting testimony regarding which bedroom was appellant's and which bedroom was his sister's. Nevertheless, the only reasonable hypothesis flowing from the evidence in the record, viewed in the light most favorable to the

Commonwealth, is that, whether or not the bedroom was appellant's, he actually or constructively possessed the firearm and drugs found outside the window of that bedroom. When Officer Rhodenizer entered the house at about 1:00 a.m. to serve appellant's sister, Delma Clarke, with a felony arrest warrant, Clarke was on the first floor of the residence. When Clarke went rapidly up the stairs to a second floor bedroom, Officer Rhodenizer followed five to ten seconds behind her at a similar pace. Clarke entered the bedroom and closed the door. When Rhodenizer had almost reached the top of the stairs, he heard Clarke say from behind the closed bedroom door, "The police is downstairs. I think I got a warrant. The police are downstairs." "Immediately after hearing this," Rhodenizer reached the top of the stairs, and behind the same door, he "heard a noise and a bang, . . . maybe a door opening or closing."

Officer Rhodenizer then opened the door to the bedroom and saw appellant standing with his torso and arms out the open bedroom window. Clarke was standing on the opposite side of the room from appellant and the open window, and the evidence supported the inference that she had been in the room only a matter of seconds. When appellant saw Officer Rhodenizer, "[h]is eyes got real wide" and "his jaw dropped." He pulled himself back into the room, reached up, "rapidly" closed the window, and attempted to flee. No evidence in the record established that Clarke engaged in suspicious or evasive behavior after Rhodenizer entered the bedroom.

Although Officer Rhodenizer did not see anything in appellant's hands and did not see appellant make any sort of throwing motion as he leaned out the window, Rhodenizer immediately found drugs--both heroin and cocaine--and a firearm outside the bedroom window. It had been raining throughout the night, but the rain had stopped just a few minutes before Officer Rhodenizer arrived at appellant's residence at about 1:00 a.m. The firearm, which was not located under an overhang or anything else that would have protected it from the rain, was damp on the bottom but dry on top, permitting the inference that it had been on the roof for only

a brief period of time. Similarly, the plastic bags containing the drugs were wet on the outside, but their contents were not saturated. Although the drugs were several feet from the window and appeared to have been thrown onto the roof, the firearm was directly beneath the open window, easily within appellant's reach. When Officer Rhodenizer climbed back into the room after finding the drugs and firearm, appellant became agitated and again attempted to flee. The only reasonable hypothesis flowing from this evidence, viewed in the light most favorable to the Commonwealth, is that appellant exercised first actual and then constructive possession of both the drugs and the firearm and that he was attempting, based on Clarke's warning, to dispose of the items so that they would not be found by the police.

Appellant argues that Clarke could have thrown either or both of the items out the window and, thus, that the evidence is insufficient to prove appellant possessed them actually or constructively. However, the evidence indicates that Officer Rhodenizer quickly followed Clarke up the stairs and into the bedroom, eliminating the possibility that Clarke, who was standing on the opposite side of the room from the window when Rhodenizer entered, could independently have discarded the firearm through the open window before appellant discarded the drugs. That Clarke may also have had actual or constructive possession of the drugs and firearm before appellant attempted to dispose of them through the open window does not diminish appellant's guilt for the charged offense.

For these reasons, we hold the evidence was sufficient to support appellant's conviction for violating Code § 18.2-308.4, and we affirm.

<u>Affirmed.</u>