COURT OF APPEALS OF VIRGINIA

Present:    Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


DAMIAN L. HICKS, S/K/A
 DAMIAN LAFFIT HICKS
                                               MEMORANDUM OPINION* BY
v.        Record No. 0760-03-1               JUDGE ELIZABETH A. McCLANAHAN
                                                     APRIL 6, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          J. Warren Stephens, Judge Designate

            Von L. Piersall, III (Levin, Levin & Tuthill, P.C., on brief),
            for appellant.

            Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; Amy L. Marshall, Assistant Attorney General,
            on brief), for appellee.


        Damian L. Hicks appeals his conviction in the Circuit Court of the City of Portsmouth for

possession of a controlled substance with intent to distribute, in violation of Code § 18.2-248.

On appeal, Hicks contends that the trial court erred in finding that the evidence on possession

was sufficient to sustain his conviction.  For the reasons that follow, we affirm the trial court.

                                        I.  Background

        When the sufficiency of the evidence is challenged on appeal, "we review the evidence in

the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444

(1987).  "'In so doing, we must discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)).

In response to a "disturbance call," police officers Lipscomb and Fountain, dressed in uniform and driving a marked police vehicle, arrived at an apartment complex and noticed Hicks and another man standing in front. As soon as the police pulled up, Hicks quickly walked to one of the apartment units, knocked on the door and entered. He entered so quickly that he shut the door on the other man, who was following behind.

The police officers immediately followed Hicks and the other man to the apartment. When the police knocked on the apartment door, the lessee, John Sharp, allowed them to enter. Sharp stated that Hicks was his nephew. Sharp informed the officers that Hicks was in the bathroom, which was approximately fifteen feet away. As Officer Lipscomb approached the bathroom, he heard the "toilet seat go down," and Hicks walked out the door. The officer noticed that the toilet did not flush.

Hicks walked down the hall toward the living room, where Officer Fountain was talking with Sharp. Officer Lipscomb immediately went into the bathroom and noticed on the back of the toilet, in plain view, a bag of marijuana and $80 in cash. Based on the sound he heard as he approached the bathroom, he lifted the toilet seat and discovered a plastic bag containing twenty-six smaller individual bags of crack cocaine floating in the toilet.

Officer Fountain placed Hicks in custody. When Hicks was searched pursuant to the arrest, a plastic baggie with an "apple logo," marijuana flakes and $155 were found in his pocket. He also had a cellular phone in his possession. The police officers also found, on the dresser in

the bedroom, a few rocks of crack cocaine in a pill bottle with Sharp's name on it.[1]  Later, at the police station, Hicks told Officer Lipscomb that, "he could understand the weed charge but that the crack was not his."

The Commonwealth offered the expert testimony of Sergeant Duane Stokes, who had extensive training and experience with investigation of the drug trade in the Portsmouth area. Sergeant Stokes testified that the amount of crack cocaine found in the toilet had a street value of $520 and was inconsistent with personal use.  Officer Lipscomb also testified that plastic baggies with an "apple logo" contain smaller baggies and can normally be purchased at drug stores and convenience stores.  He also testified that the baggies found in the toilet would come in this same type of bag.

Hicks' counsel called Sharp to testify on Hicks' behalf.  Sharp denied that the cocaine found in the bedroom and the bathroom belonged to him.  He stated that the only other person that had used his bathroom that day was a "drunk" who loitered around the apartment complex. Sharp agreed that the "drunk" did not strike him as the type of person who would leave a large quantity of cocaine floating in his toilet.  Sharp also stated that he had no idea that the police were at the complex and that he did not know of their presence until they knocked on his door.

Hicks also testified.  He claimed he went to Sharp's apartment because he needed to use the bathroom.  He said that when he entered the bathroom, he saw the marijuana and the money on top of the toilet, and then when he lifted the toilet seat he saw the crack cocaine.  Once he saw the cocaine, he closed the seat and walked out of the bathroom.  Hicks denied that the crack cocaine belonged to him and maintained he had never seen it before.

---

[1] Sharp was charged with possession of cocaine.  He stated that he acknowledged that the crack found in the bedroom was in a pill bottle with his name on it, so he accepted the charge. He was subsequently found guilty of that offense.

The trial court found the evidence sufficient to convict Hicks of possession of cocaine with intent to distribute. In finding Hicks guilty, the court stated:

> The Court finds there's no question but that the defendant was in possession of the cocaine with the intent to distribute and also in possession of the marijuana found on the top of the water closet in the bathroom. I think it's preposterous this man has to use the bathroom so much he has to go into the man's house, knock on the door, and use the bathroom, and then he says he saw what looked like dope to him in there and decided he didn't want to get involved and leaves. I think that's ludicrous.

At the sentencing hearing, Hicks received five years in the state penitentiary with three years and nine months suspended. This appeal followed.

## II. Analysis

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). We must instead ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original and internal quotation marks omitted)); see also Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992) (observing that question on appeal is whether "a rational trier of fact could have found the essential elements" of the convicted offense). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

To convict a defendant on the charge of possession of drugs with intent to distribute, the Commonwealth must prove that the defendant possessed illegal drugs and that he did so with the intent to distribute those drugs to others. See Code § 18.2-248(A); Christian v. Commonwealth, 33 Va. App. 704, 716, 536 S.E.2d 477, 483 (2000) (*en banc*).[2] "In order to convict a defendant of 'possession' of a narcotic drug, . . . it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970). However, "[p]ossession [of drugs] may be actual or constructive. Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (quoting Clodfelter v. Commonwealth, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977); Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). The possession need not be exclusive. Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); see also Ritter, 210 Va. at 741, 173 S.E.2d at 806.

In determining whether a defendant is guilty of possession with the intent to distribute, the trier of fact is entitled to weigh all the circumstances in a given case. Adkins v. Commonwealth, 217 Va. 437, 439-40, 229 S.E.2d 869, 871 (1976). Physical proximity to the contraband is not, alone, sufficient to support a conviction based on constructive possession, but

---

[2] Hicks does not challenge the sufficiency of the evidence with regard to proof of intent to distribute.

is a circumstance to be considered with other evidence.  See Powers, 227 Va. at 476, 316 S.E.2d at 740.  The requisite knowledge on the part of an accused "may be proved by 'evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.'"  Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).  Possession of other drugs or paraphernalia "are additional facts which [permit] the fact finder to infer" that the accused had knowledge of the presence of the drugs.  Wymer v. Commonwealth, 12 Va. App. 294, 301, 403 S.E.2d 702, 707 (1991).

Viewed in the light most favorable to the Commonwealth, Hicks' conduct at the time of his arrest provides ample evidence.  Upon seeing the police, Hicks engaged in furtive conduct.  He was in such a hurry to get into Sharp's apartment that he closed the door on the person who was with him.  Hicks was in the bathroom immediately before the crack cocaine was found in the toilet, and the officer following him heard him close the lid to the toilet.  He was present and in the immediate vicinity of the drugs that were found in plain view.  Even though he denied ownership, Hicks admitted that he knew there was cocaine in the toilet.  Other items indicative of distribution, including a clear plastic baggy, a cellular phone, $155, and flakes of marijuana, were found on his person.

The trial court was entitled to disbelieve Hicks' explanation and conclude that he lied to conceal his guilt.  See Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 827 (1999).  We hold that the totality of the circumstances disclosed by the evidence was sufficient to support the finding beyond a reasonable doubt that the defendant was in constructive possession of the crack cocaine and that he had the intent to distribute it.

III.  Conclusion

Sufficient evidence supports Hicks' conviction for possession with intent to distribute cocaine.  The trial court, therefore, did not plainly err in convicting Hicks for this offense. Accordingly, we affirm the trial court.

<u>Affirmed.</u>