COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


RODNEY LEON WOOD

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2500-06-2              JUDGE ROBERT J. HUMPHREYS
                                                          JUNE 19, 2007
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                Daniel T. Balfour, Judge

              Rodney L. Jefferson for appellant.

              Eugene Murphy, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Rodney Leon Wood ("Wood") appeals his conviction for possession of cocaine, in

violation of Code § 18.2-250.  On appeal, Wood argues that the evidence was insufficient to

support his conviction and that the trial court erred in admitting into evidence the certificate of

analysis for two crack pipes found near the scene of the arrest.  For the following reasons, we

disagree, and affirm Wood's conviction.

                                          BACKGROUND

        "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence established the

following:

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On April 3, 2006, Officer Hague ("Hague") of the Henrico County Police Department responded to a call regarding a larceny in progress. Hague detained two individuals, and found "screwdrivers, a tire iron, [and] the caps to the rim" on the ground around the vehicle. Within a few feet of the car, Hague also found a flashlight and two crack pipes. After speaking with the two men, the men led Hague to a car which was located "five to eight parking spaces" away. Wood was sitting in the car. Hague questioned Wood, who stated he was merely getting a ride to the store to buy cigarettes.

When Hague discovered that Wood did not have any money on his person, he asked Wood how he intended to buy cigarettes. Wood stated,

> [h]e had three dollars to buy cigarettes. That was his plan. That he found out that . . . the other two suspects[] had a small crack rock, that he gave them his three dollars, in order to smoke crack with them.

Hague then asked Wood if his DNA would be found on one of the crack pipes if they were sent to the lab for analysis. Wood responded, "[Y]es, it would on one of them." Wood told Hague that he had smoked crack earlier that evening with the two other men and that "he smoked out of one of the crack pipes." There were no crack pipes in the car or on Wood's person.

A grand jury indicted Wood for possession of cocaine, in violation of Code § 18.2-250. The trial court found Wood guilty, and sentenced him to five years in the penitentiary, with four years and two months suspended for ten years. Wood now appeals.

ANALYSIS

I. Sufficiency

Wood argues that the evidence was insufficient to support his conviction for possession of cocaine. Specifically, Wood argues that because he was in the vehicle, there was no evidence proving that Wood knew of "the presence and character [of the cocaine] and [that he] exercised some dominion and control over the contraband." We disagree.

- 2 -

To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citing Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). However, "[w]hen, as here the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the *corpus delicti*." Campbell v. Commonwealth, 194 Va. 825, 833, 75 S.E.2d 468, 473 (1953).

Thus, "[a]lthough the Commonwealth may not establish an essential element of a crime by the uncorroborated confession of the accused alone, 'only slight corroborative evidence' is necessary to show the veracity of the confession." Powell v. Commonwealth, 267 Va. 107, 145, 590 S.E.2d 537, 560 (2004) (quoting Williams v. Commonwealth, 234 Va. 168, 175, 360 S.E.2d 361, 366 (1987)). Moreover, "if this corroborating evidence is consistent with a reasonable inference that the accused committed the crime to which he has confessed, the Commonwealth need not establish through direct evidence those elements of the crime that are proven by the confession." Id. (citing Jackson v. Commonwealth, 255 Va. 625, 646, 499 S.E.2d 538, 551 (1998)).

Here, Wood told Hague that he had smoked crack and that his DNA would be found on one of the two pipes that Hague found on the ground near the car. At trial, the Commonwealth presented a certificate of analysis, which proved that the pipes contained cocaine residue. The presence of cocaine residue on the pipes sufficiently corroborates Wood's confession that he had smoked cocaine from one of the pipes earlier that evening. Accordingly, we hold that the evidence was sufficient to support Wood's conviction for possession of cocaine, in violation of Code § 18.2-250.

II. Certificate of Analysis

Wood also argues that the trial court erred in admitting the certificate of analysis of the pipes because he "was insufficiently connected with the pipes examined by the forensic scientist."[1] Again, we disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citing Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)). "Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs policy considerations." Id. at 17, 371 S.E.2d at 842 (citing Levine v. City of Lynchburg, 156 Va. 1007, 1014, 159 S.E. 95, 97-98 (1931)).

In this case, the burden rested with the Commonwealth to prove Wood's possession of cocaine. Although Wood's confession provided most of the proof, the pipes were necessary to corroborate his statement that he had used one of the pipes to smoke crack cocaine earlier in the day. Moreover, Wood stated that his DNA would be found on one of the pipes were Hague to check the pipes for DNA. Clearly, the pipes were relevant, as they were necessary to corroborate that Wood actually smoked the cocaine. The lab report provided that proof. Accordingly, we cannot say that the trial court abused its discretion in allowing the admission of the certificate of analysis.

---

[1] Wood also argues that the Commonwealth failed to establish which pipe contained the cocaine residue and, thus, there was an insufficient nexus between Wood and the pipe. Specifically, Wood argues that because the pipes were labeled together as Item 2A, the "results don't show that both pipes were tested." However, the trial court rejected Wood's argument stating, "[T]he analysis to me [indicates that there was] residue in both pipes." We agree that this is a rational interpretation of the evidence.

CONCLUSION

For the reasons stated above, we hold that the trial court did not err in finding the evidence sufficient to support Wood's conviction for possession of cocaine, nor did it abuse its discretion in admitting the certificate of analysis. Accordingly, we affirm Wood's conviction.

<u>Affirmed.</u>