COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


CONSTANCE LEVON MUWWAKYL, S/K/A
   CONSTANCE L. DAVIS

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 0389-08-2                     JUDGE CLEO E. POWELL
                                                        MAY 26, 2009

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                           Richard D. Taylor, Jr., Judge

         Taylor B. Stone (Bremner, Janus & Stone, on brief), for appellant.

         Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
         Attorney General, on brief), for appellee.


         Constance Levon Muwwakyl (appellant) appeals from her bench trial conviction for

possessing cocaine.[1]  On appeal, she contends the trial court erred in finding the evidence

sufficient to prove that she possessed the drugs found in her bedroom.  We hold the trial court

did not err and affirm appellant's conviction.

                                       I.  BACKGROUND

         On February 14, 2008, police officers from the City of Richmond executed a search

warrant based on information related to narcotics distribution at 3114 Woodrow Avenue.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was indicted for possession of cocaine with the intent to distribute, in
violation of Code § 18.2-248.  The trial court sustained her motion to strike as to intent to
distribute and announced from the bench that it was convicting her of possession, which is a
violation of Code § 18.2-250.  The conviction and sentencing orders, however, indicate that
appellant was convicted of "possession of cocaine" in violation of "Code § 18.2-248."  As the
record reveals that the trial court intended to convict appellant of possession of cocaine, we will
address the sufficiency of the evidence to support that conviction.

Detective Paul Black knocked on the front door of the residence, and appellant answered the door. Detective Black identified himself as a member of the Richmond Police Department and asked appellant if he could speak with her. Appellant tried to slam the door, but officers forcibly entered the house and showed appellant the search warrant.

Once officers were inside the home, appellant "became very agitated, belligerent, [and began] yelling." Detective Black and another individual restrained and handcuffed appellant. The police checked the house and detained twelve people, including appellant and an elderly man that she cared for who was in bed on the second floor of the home. Detective Black believed that only appellant and the elderly man lived in the residence.

When police entered the basement bedroom shortly after entering the house, police encountered three people sitting in chairs approximately one foot from appellant's bed, but appellant was not one of them. The officer who searched these individuals did not find anything illegal in any of their possessions. During the subsequent search of the basement bedroom, police recovered a box for a digital scale, a razor blade with white residue on it from the nightstand, and a couple of black smoking devices commonly referred to as "crack pipes" from on top of the bed. Police also found a bullet on the nightstand next to the bed. Two "baggies" containing an off-white substance were found underneath clothing on the bed. The crack cocaine was broken into several pieces and packaged in corners of plastic bags contained within two large bags. Laboratory analysis later revealed that these "baggies" contained fourteen rocks of crack cocaine. Officers removed a cap on a bedpost and found another bag of a substance they believed to be crack cocaine. The larger rock found inside the bedpost weighed 2.9 grams. In this same bedroom, officers found female clothing as well as credit cards, bank cards, and a social security card in appellant's name on the nightstand next to the bed.

After officers found substances they believed to be crack cocaine, Detective Black read appellant her <u>Miranda</u> rights and questioned her. She told him that she used crack cocaine but did not sell it. When asked if she had "brokered any deals[,]" appellant told Detective Black that she "sometimes get [sic] it from someone to give it to someone else." Appellant denied owning a gun. She also told Detective Black that she was unemployed and paid her bills with money she received from her church.

The trial court found that the basement was appellant's bedroom and that she knew people were down there. The trial court did not believe that the other people in the basement stashed the drugs in appellant's bedpost. Moreover, the trial court concluded that she "knew of the presence of those drugs, that she had an opportunity to possess and control those drugs." The court found that appellant's behavior as she attempted to close the door on police revealed her knowledge. The trial court then found her guilty of possession of cocaine.

## II. ANALYSIS

"[U]pon appellate review, the evidence and all inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court." <u>Commonwealth v. Hudson</u>, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). This Court will reverse a judgment of the trial court that is plainly wrong or without evidence to support it. <u>Jay v. Commonwealth</u>, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008) (citing <u>Hedrick v. Commonwealth</u>, 257 Va. 328, 340, 513 S.E.2d 634, 641 (1999)).

> To support a conviction based on constructive possession [of drugs], "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

<u>Drew v. Commonwealth</u>, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting <u>Powers v. Commonwealth</u>, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)); <u>see</u> <u>Garland v. Commonwealth</u>,

225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).

Viewed in the light most favorable to the Commonwealth, the evidence proved that the appellant owned and occupied the home that had been the subject of police surveillance as part of a narcotics investigation. When police executed a search warrant at the home, appellant tried to slam the door to thwart the officers' entry. The subsequent search of appellant's home revealed a razor blade with white residue on it in plain view on the nightstand in appellant's basement bedroom. Police also recovered credit cards, bank cards, and a social security card in appellant's name from on top of the nightstand. On her bed, police also found two crack pipes and fourteen crack rocks underneath female clothing. When officers removed the cap to one of the bedposts on appellant's bed, police found a large rock of cocaine weighing 2.9 grams.

Here, the evidence clearly proved that the basement bedroom belonged to appellant. The proximity of the illegal drugs to her credit cards, bank cards, social security card, clothing, and bed coupled with her efforts to prevent police from entering her home are sufficient "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to [her] dominion and control.'" Drew, 230 Va. at 473, 338 S.E.2d at 845 (quoting Powers, 227 Va. at 476, 316 S.E.2d at 740).

### III.  CONCLUSION

The evidence in this case was sufficient to prove that appellant possessed the cocaine found in her bedroom and, therefore, we affirm her conviction for possession of cocaine.

Affirmed.