COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present:   Judges Elder, Beales and Senior Judge Willis
Argued at Salem, Virginia


OTHESUES DELANO HAIRSTON, S/K/A
 OTHERSUES DELANO HAIRSTON

                                         MEMORANDUM OPINION BY[*]
v.     Record No. 1326-11-3          JUDGE JERE M.H. WILLIS, JR.
                                           OCTOBER 9, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

William Edward Cooley for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


On appeal from his conviction in a jury trial of possession of a firearm by a convicted

felon, Othesues Delano Hairston, s/k/a Othersues Delano Hairston contends that the trial court

erred in admitting evidence that illegal drugs were recovered from the vehicle in which he was a

passenger when the charge against him was not drug related.  We affirm the judgment of the trial

court.

Background

On September 1, 2010, Deputies Nelson and Owens stopped a vehicle in which Hairston,

a convicted felon, was a passenger.  One officer approached the driver and obtained his

information while the other spoke with Hairston.  Hairston produced no documentary

identification, but gave the officer his name and social security number.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The officers obtained the driver's consent to search the car. Nelson asked Hairston to step out of the vehicle. When the passenger side door opened, Nelson observed a bag of what appeared to be cocaine at Hairston's feet. He seized the bag and handed it to Owens. The bag was found to contain thirty-two rocks of cocaine.

Hairston complained he had hurt himself. He sat back down in the passenger seat and leaned forward. When Nelson reached for Hairston's right hand, Hairston "tensed up and reached for his waistband area and then leaned all the way forward." Ignoring repeated commands to give Nelson his hands, Hairston reached down behind his feet. Fearing for his safety, Nelson pinned Hairston's head against the dash and told Owens to taze him.

After Hairston was taken into custody, the officers found a pistol in the area where he had been reaching. They recovered a set of digital scales from the car's glovebox.

Analysis

Hairston was convicted of possession of a firearm by a convicted felon. He contends the trial court erred in admitting evidence that drugs were recovered from the car when he was not charged with a drug-related offense. He argues that this evidence[1] should have been excluded because its prejudicial impact outweighed its probative value.

"Decisions on the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." Mitchell v. Commonwealth, 25 Va. App. 81, 84, 486 S.E.2d 551, 552 (1997). Evidence is generally admissible if it is both relevant and material. See Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "This standard, if nothing else, means that the trial judge's 'ruling will not be

---

[1] As framed by the assignment of error, the question before us is whether the trial court erred in "allowing evidence before a jury of the presence of illegal drugs found in a car in which appellant was a passenger . . . ." Hairston does not assign error to all "drug-related" evidence, such as the digital scales and the expert testimony related to drug distribution. Accordingly, we address only whether the presence of cocaine in the car was properly admitted.

reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754 (1982)).

"Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Thomas, 44 Va. App. at 753, 607 S.E.2d at 743.

Here, to prove Hairston had constructive possession of the firearm, the Commonwealth was required to show he was "'aware of both the presence and the character of the [firearm] and that it was subject to his dominion and control.'" Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (*en banc*) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). The Commonwealth presented expert testimony that persons involved in drug distribution frequently carry weapons for protection. The expert testified that the amount of cocaine found at Hairston's feet was inconsistent with personal use and that the packaging of the cocaine and the presence of the digital scales were consistent with cocaine distribution.

"Many courts have acknowledged the commonsense 'relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons.'" Thomas, 44 Va. App. at 755, 607 S.E.2d at 744 (quoting Logan, 19 Va. App. at 445, 452 S.E.2d at 369). "Guns are the 'tools of the trade' in the underground drug world." Id. at 755, 607 S.E.2d at 744-45 (quoting United States v. White, 875 F.2d 427, 433 (4th Cir. 1989)). The evidence of drugs was therefore probative of whether Hairston knowingly possessed the firearm. It tended to prove he had a motive to do so. See id. at 756, 607 S.E.2d at 745.

- 3 -

While Hairston may have been prejudiced by the admission of the drug evidence, that fact, standing alone, does not compel the conclusion that the trial court abused its discretion. "In a sense, all 'evidence tending to prove guilt is prejudicial' at least from the point of view of the person standing trial." Id. at 757, 607 S.E.2d at 746 (quoting Powell v. Commonwealth, 267 Va. 107, 141, 590 S.E.2d 537, 558 (2004)).

> "Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence 'sanitized' so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses."

Id. at 757 n.7, 607 S.E.2d at 745 n.7 (quoting Scott v Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984)).

The trial court, in admitting the evidence of drugs, cautioned the jury to consider that evidence only in determining whether Hairston knowingly and intentionally possessed the firearm.[2] "[I]t is always to be presumed that the jury followed an explicit cautionary instruction promptly given, unless the record clearly shows that the jury disregarded it." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990).

We affirm the judgment of the trial court.

Affirmed.

---

[2] The trial court instructed the jury it could "consider the evidence that the defendant possessed cocaine for distribution only as evidence of the defendant's intent, motive or the defendant's knowledge in connection with the offense for which he is on trial and for no other purpose."