COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Causey and Senior Judge Petty

TRE'DON MARQUISE STUCKEY, SOMETIMES KNOWN AS
 TREDON MARQUISE STUCKEY

                                             MEMORANDUM OPINION[*]
v.       Record No. 0636-23-1                       PER CURIAM
                                             OCTOBER 15, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of the City of Williamsburg and James City

County convicted Tre'don Marquise Stuckey of possession of a firearm by a convicted felon, in

violation of Code § 18.2-308.2. On appeal, Stuckey argues that the evidence was insufficient to

support his conviction. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the dispositive issue or issues have been

authoritatively decided, and the appellant has not argued that the case law should be overturned,

extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party at trial." *Gerald v.

Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

(2016)).  "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Sheila Cook, a housekeeper at the Super Inn Williamsburg, testified at trial that on March 11, 2022, she "was stripping the beds" in Room 204 when she "happened to look down in the floor and there was a gun."  She recalled that the firearm "was between the bed and the wall where the window is at," and she stated that she did not touch the firearm.  Cook then notified her boss, Yogesh Trivedi, about the firearm.

Trivedi, the manager of the Super Inn Williamsburg, testified at trial that Cook alerted him to the firearm, which he saw "near next to the bed on the floor."  Trivedi then called the police. After the police were called but before they had arrived, Stuckey came running up the stairs of the motel from the direction of a nearby Hardee's and Wawa.  Trivedi recounted that Stuckey told him to open the door to Room 204 because he had forgotten something inside.  Trivedi informed Stuckey, "I already called the officer.  You have to wait."  When Trivedi asked Stuckey what he had left in the room, Stuckey replied, "It's legal."  When asked to clarify, Stuckey told Trivedi that the item was a firearm.  Trivedi again called the police and he spoke with Officer Briana Sutton of the James City County Police Department.  Trivedi noted that Stuckey left the motel before Officer Sutton arrived.  During cross-examination, Trivedi testified that a woman had checked into Room 204 around 2:20 a.m. the night before while a second individual remained in the car.  Counsel for Stuckey introduced into evidence a receipt showing that Stuckey's acquaintance, Hannah Paige LaRue, had rented Room 204 for two guests.

Officer Sutton testified at trial that while she was on the phone with Trivedi, she could "hear a male shouting" and "talking about a gun and getting into a room."  When Officer Sutton arrived at

the motel after Stuckey had already left, she went into Room 204 where she found a firearm on the floor. She reviewed video surveillance footage from the motel and, after recognizing Stuckey based on her prior dealings with him, she secured a warrant for his arrest for possession of a firearm by a convicted felon. At trial, the Commonwealth presented still photographs from the surveillance footage showing Stuckey at the motel, and it also introduced into evidence photographs of the firearm found in Room 204. Officer Sutton further testified that after Stuckey's arrest on March 25, 2022, she interviewed him at the law enforcement center. She recalled that during the interview, Stuckey admitted to being a felon. Although he initially denied being at the motel on the morning in question, once Officer Sutton alerted him to the surveillance footage, Stuckey admitted to being at the motel that morning. Stuckey acknowledged that he had spoken to a man at the motel, but he maintained that he was looking for a friend, and he denied ever being in physical possession of a firearm. At trial, the parties stipulated that Stuckey told Officer Sutton that he knew he was not supposed to have a firearm because he was a convicted felon.

After the Commonwealth presented its evidence, Stuckey's counsel moved to strike, stating, "We're not going to present any evidence. So I guess I could kind of incorporate everything with what I'm going to argue on a motion to strike." Counsel for Stuckey argued that the Commonwealth presented "no evidence he [Stuckey] was ever in that room, and they've got no evidence that he was ever having exercising [sic] dominion and control over this firearm that was found there." The trial court convicted Stuckey of the charged offense. The trial judge noted that Cook found the firearm "not hidden, but between -- on the floor in between the bed and the wall in a about two-feet space." She emphasized that Stuckey "initially -- to an officer that he knows -- denied being at the hotel at all and then later admitted he was there in the morning and admitted that he spoke with Mr. Trivedi, not necessarily calling him by name, but by a gentleman there." The trial judge then concluded,

I think that the Commonwealth has met out its burden that on March 11th this gentleman did knowingly and intentionally possess, by leaving it in a room, um, and wanting to get that back, a firearm, after being convicted of a felony.

So I do so find the evidence sufficient and enter a finding today.

Stuckey appeals to this Court.

ANALYSIS

On appeal to this Court, Stuckey contends, "The trial court erred in denying Stuckey's motion to strike the charge of possession of a firearm by a non-violent felon in violation of Va. Code § 18.2-308.2, where the Commonwealth's evidence failed to prove that Stuckey possessed the firearm or exercised dominion and control over the firearm." Stuckey argues that

the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that someone else, possibly Hannah Paige LaRue or the unidentified male accompanying her to the motel room, inadvertently left the firearm in the motel room and that Stuckey went to the motel room on behalf of that person to try to retrieve the firearm but never actually succeeded in retrieving or possessing the firearm.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion

- 4 -

might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). "Establishing constructive possession requires proof 'that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" *Watts v. Commonwealth*, 57 Va. App. 217, 232-33 (2010) (alteration in original) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476 (1984)). The Commonwealth is not required to prove that the defendant's possession was exclusive. *Smallwood*, 278 Va. at 630. "Whether evidence is sufficient to prove constructive possession 'is largely a factual' question and requires circumstantial proof 'that the defendant was aware of the presence and character of the [firearm] and that the [firearm] was subject to his dominion and control.'" *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (alterations in original) (quoting *Smallwood*, 278 Va. at 630).

It is well-established that in considering a sufficiency challenge, "[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). The Commonwealth "need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Pijor*, 294 Va. at 512-13 (alteration in original) (quoting

*Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). "In other words, in a circumstantial evidence case, such as the case currently before us, the accumulation of various facts and inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt of a defendant's guilty knowledge of contraband." *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (*en banc*).

Here, the totality of the evidence supports the trial court's rejection of Stuckey's hypothesis of innocence and its conclusion that the firearm recovered from the motel room had been under Stuckey's dominion and control. Cook and Trivedi both testified that they found a firearm in the recently vacated motel room. Trivedi specifically recalled that Stuckey then ran up the stairs of the motel and told him to open the door to Room 204 because Stuckey had forgotten something inside. When asked what had been left in the room, Stuckey informed Trivedi that the item was a firearm and that "[i]t's legal." Furthermore, after hearing that the police were on their way, Stuckey left the motel before Officer Sutton arrived.[1] Officer Sutton testified that during her post-arrest interview of Stuckey, he initially denied being at the motel on the morning in question, but he later admitted to being at the motel that morning after learning about the video surveillance footage. Still photographs from that video surveillance footage showed Stuckey at the motel. Therefore, considering the totality of the evidence, a rational finder of fact could conclude beyond a reasonable doubt that Stuckey was aware of the firearm that was found in the motel room and that the firearm was subject to his dominion and control. Consequently, we certainly cannot say that no rational factfinder could have found that the evidence was sufficient to support Stuckey's conviction.

---

[1] This Court has recognized that "it is today universally conceded that the fact of an accused's flight, . . . and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *Walker v. Commonwealth*, 79 Va. App. 737, 749 (2024) (alteration in original) (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991)).

CONCLUSION

For all of the foregoing reasons, we affirm the trial court's judgment, and we uphold Stuckey's conviction.

*Affirmed.*